FILED

2017 AUG 16 PM 4: 21

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2016 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 17 CR 00519 - R |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 953(c), 960(a)(1), (b)(1)(H): Exportation of Methamphetamine; 18 U.S.C. § 1956(h): Conspiracy to Commit International Money Laundering; 18 U.S.C. § 2(b): Causing an Act to Be Done] |
| LEOM KOLMNELA, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 953(c), 960(a)(1), (b)(1)(H); 18 U.S.C. § 2(b)]

On or about July 16, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant LEOM KOLMNELA knowingly and intentionally exported and willfully caused to be exported from the United States at least 500 grams, that is, approximately 30 kilograms, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

## COUNT TWO

[18 U.S.C. § 1956(h)]

A. OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to at least on or about July 21, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant LEOM KOLMNELA ("KOLMNELA"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit the following offenses against the United States:

1. To knowingly conduct and attempt to conduct financial transactions, affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

2. To knowingly and intentionally transport, transmit, and transfer funds from a place in the United States to a place outside of the United States, knowing that the funds involved in the transportation, transmission, and transfer represented some form of unlawful activity, and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

B. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1. An unindicted co-conspirator acting on behalf of defendant KOLMNELA ("CC-1") would arrange for a person whom CC-1 and defendant KOLMNELA believed to be an international money launderer based in Los Angeles, but who was, in fact, an undercover law enforcement officer ("UC-1"), to receive drug-trafficking proceeds in Australia, after which UC-1, in Los Angeles, would transfer an equivalent amount of proceeds minus a commission into financial accounts controlled by CC-1.

2. Defendant KOLMNELA would contact UC-1 and another undercover officer also posing as an international money launderer ("UC-2") to arrange for UC-2 to receive drug-trafficking proceeds in Adelaide, Australia.

3. A co-conspirator acting on behalf of defendant KOLMNELA ("CC-2") would deliver to UC-2, in Adelaide, Australia, approximately $203,010 Australian dollars in drug-trafficking proceeds.

4. Defendant KOLMNELA would contact UC-1 to confirm that the $203,010 Australian dollars had been successfully delivered to UC-2.

5. UC-1 would then transfer, in Los Angeles, California, approximately $147,032.19 to accounts controlled by CC-1, for ultimate delivery to defendant KOLMNELA in the United States.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendant KOLMNELA and others known and unknown to the Grand Jury, committed various overt acts within

the Central District of California, and elsewhere, including, but not limited to, the following:

1. On May 15, 2015, using coded language in a telephone conversation, CC-1, acting on behalf of defendant KOLMNELA, arranged for UC-1 to serve as an intermediary in transferring an unspecified quantity of drug-trafficking proceeds from Australia to United States-based financial accounts controlled by CC-1.

2. On May 19, 2015, using coded language in a telephone conversation, defendant KOLMNELA contacted UC-2 to confirm that UC-2 would receive an unspecified amount of drug-trafficking proceeds in Adelaide, Australia.

3. On May 19, 2015, using coded language in a telephone conversation, defendant KOLMNELA spoke with UC-1 to further confirm that UC-2 would receive drug-trafficking proceeds in Adelaide, Australia, and defendant KOLMNELA confirmed that the drug-trafficking proceeds belonged to him (defendant KOLMNELA); during the same conversation, defendant KOLMNELA asked to meet with UC-1 in Los Angeles to arrange future criminal transactions.

4. On May 20, 2015, using coded language in a telephone conversation, defendant KOLMNELA informed UC-1 that $203,010 Australian dollars would be delivered to UC-2 in Adelaide, Australia.

5. On May 21, 2015, in Adelaide, Australia, CC-1 delivered drug-trafficking proceeds, namely, $203,010 Australian dollars (the equivalent of approximately $154,770.73 in United States currency), to UC-2.

6. On May 22, 2015, using coded language in a telephone conversation, defendant KOLMNELA and UC-1 confirmed that the drug-trafficking proceeds had been delivered to UC-2.

7. On May 26 and 27, 2015, CC-1 sent a list of United States-based financial accounts to UC-1, together with instructions to deposit, in total, approximately $147,032.19 in United States currency into those accounts.

A TRUE BILL

/S/
Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

KEVIN M. LALLY
Assistant United States Attorney
Chief, Organized Crime Drug
  Enforcement Task Force Section

BENJAMIN R. BARRON
Assistant United States Attorney
Deputy Chief, Organized Crime
  Drug Enforcement Task Force
  Section

RYAN H. WEINSTEIN
Assistant United States Attorney
Organized Crime Drug Enforcement
  Task Force Section